UNDERWOOD, by next friend, *v.* WESTERN AND ATLANTIC RAILROAD COMPANY.

A petition against a railroad company for damages, in which it is alleged that the plaintiff, a boy of ten years of age, was injured while attempting to get upon the ladder of a moving freight-car, it not alleging, however, that this attempt was known to any of the employees in charge thereof, sets forth no cause of action. The foregoing is true notwithstanding the fact that upon previous occasions he had been in the habit of climbing upon, and riding on, the moving trains of the defendant with the knowledge and permission of its agents and employees.

Argued May 16, — Decided July 22, 1898.

Action for damages. Before Judge Reid. City court of Atlanta. September term, 1897.

*Maddox & Terrell,* for plaintiff.
*Payne & Tye,* for defendant.

COBB, J. Dominick Underwood by his next friend brought suit against the Western & Atlantic Railroad Company. The petition alleged, in substance, that petitioner, a child of ten years of age, and without the capacity to comprehend the danger to which he was exposing himself, attempted to get upon the steps of a ladder attached to a coal-car of the defendant's

·freight-train, which was in. motion, when his right foot: was ·caught under the car-wheel, which passed over him, causing se- rious injuries. For a great length of time prior to the injury he ¨had been in the habit of climbing upon, riding on, and getting ·down from passing and moving trains belonging to and in the ·control of the defendant, and on its line of railroad at or near ·the point where the injury occurred; and this fact was known to ·the defendant, its agents and employees, and they negligently· ·failed to warn him of the danger attending such attempts, and negligently failed to require him to cease from so doing, but neg- ¨ligently permitted him to climb upon its moving trains, and upon ·the date of the injury negligently permitted him to attempt to do ·so, with no effort to prevent the same, and without warning him ·of the danger incurred, and without requiring or attempting ·to require him to desist. The defendant owed him the duty of warning him and of requiring him to remain away from the trains entirely, because of his youth, incapacity, and indiscre- ·tion. At the time of the injury he was earning by his labor a: :stated sum per day, and he was thereby disabled from pursuing ¨his usual avocation and performing usual manual labor, and in- ·jured permanently. Upon motion at the trial term, the case was dismissed on the ground that the petition set forth no cause ·of action.

There is no averment in the petition that the plaintiff had :any business about the train or any connection whatever with ·the railroad company, nor that the presence of the plaintiff near the train or his attempt to swing upon it on the occasion of the injury was known to any of the employees in charge of the train, nor any averment which could be construed to charge that the in- jury was wantonly inflicted upon the petitioner. The case,. briefly stated, as made by the petition, is simply this: A boy ten years old sees a moving freight-train, attempts to swing upon the ladder attached to it while the train is in motion, loses· ¨his hold, falls under the wheels, and is injured. The ground upon which he seeks to make the company liable is, that he had been previously known by the employees of the company to be ·guilty of similar conduct. It is not pretended in the present ·case, so far as the allegations are concerned, that any agent or

employee of the company knew that the plaintiff had placed himself in a perilous position. The plaintiff being a tres-passer, the only duty which the railroad company, through its employees in charge of the train, owed him was not to injure him wantonly or wilfully after his presence in a perilous position became apparent to them... That he was in a perilous position being unknown to them, there was no duty owing to the plaintiff in the present case. A railroad company is under no obligation to station watchmen about its crossings and rights of way to prevent boys from swinging on its moving trains, and a failure to do so is therefore not negligence. The fact that the boy in this case had been permitted by certain employees of the railroad company to do acts similar to that which he was attempting to do when injured can not be construed as an invitation on the part of the company to do so on other occasions. It is contended, however, that the plaintiff is entitled to recover, under the allegations made, upon the doctrine of what are known as the "turntable cases." The principle of these cases is, that where any person has dangerous machinery, stationary in its character, which is calculated to interest and attract children, it is the duty of the owner of such machinery to so guard it that children allured by it will not be able to injure themselves in any way. *Ferguson* v. *Railroad Company,* 75 Ga. 637. While the doctrine of the "turntable cases" is well settled in some of the States, this being among the number, in others it has been severely criticised, and in some entirely repudiated; but no matter what may be the opinion entertained in regard to the rule laid down in the "turntable cases," in no jurisdiction, so far as we know, has this doctrine been applied to a moving car upon the track of a railroad company. The application of it to moving trains would, it seems to us, impose upon the railroad companies a burden which it is not reasonable that they should bear. Nothing is more alluring to a child than a passing vehicle, whether it be buggy, carriage, dump-cart, wagon, or railway-train; and if railroads are to be liable because boys, without the knowledge of the employees in charge, attempt to swing upon their passing trains, then the owners of the other vehicles named would be equally liable, if a boy, with-

out the knowledge of the person in charge, was injured while
attempting to swing upon the rear axle or other part of such
vehicles.    See the case of Catlett *v.* Railway Company, 57 Ark.
461, s. c. 38 Am. St. Rep. 254, where the facts appear to be
very similar to the case under consideration.

    *Judgment affirmed.    All the Justices concurring.*