[S. F. No. 3056.  Department One.—November 9, 1904.]

ALBERT LIMBERG, Appellant, v. GLENWOOD LUMBER COMPANY, Respondent.

NEGLIGENCE—MASTER AND SERVANT—KNOWLEDGE OF DEFECTIVE APPLIANCES—ASSUMPTION OF RISK—NONSUIT—LAW OF CASE.—In an action by a teamster for damages for negligence of the master in failing to furnish proper appliances, in which a nonsuit was granted, and in which a second appeal was taken, where the evidence is the same as was considered upon a former appeal, upon which a judgment in favor of plaintiff was reversed upon the ground that plaintiff's evidence showed that he had, with the full knowledge of defects in the appliances, voluntarily continued to work therewith for several months prior to the accident, and assumed the risk of working therewith, the decision upon the former appeal is the law of the case.

ID.—DEFECTS ALLEGED—EMPLOYMENT AS TEAMSTER—ELEMENT OF NEG-. LIGENCE NOT WITHIN ISSUES.—Where the plaintiff was employed as a teamster in hauling lumber, and the only defects complained of were that the lines furnished were too short and that there was no seat on the wagon, evidence of a new element of negligence not within the issues, in not having a brake on the wagon, of which the plaintiff had the same knowledge as of the other defects, cannot be considered as affecting the question of nonsuit or the law of the case.

ID.—EVIDENCE — CUSTOMARY APPLIANCES — IMMATERIAL RULING.—The exclusion of evidence as to whether it was customary in the business of hauling lumber with four horses to have a wagon equipped as this wagon was, and with lines such as were here used, was material, if at all, only on the question of negligence, and, if competent, such exclusion could not prejudicially affect the plaintiff's rights, where it is determined that he assumed the risk of the appliances used. In such case it is immaterial whether or not there was in fact negligence on the part of the defendant.

ID.—EVIDENCE PROPERLY EXCLUDED—QUESTIONS ASKED PLAINTIFF.—A question asked the plaintiff as to whether or not, if he had lines long enough to sit back on the load, he would have been pulled off by the lines, which went at most to the question of negligence and the cause of the accident, was properly excluded. It was also proper to exclude a question asked plaintiff as to what use he would have made of a brake if there had been one on the wagon.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

J. C. Black, for Appellant.

Joseph R. Patton, for Respondent.

ANGELLOTTI, J.—This is an action for damages for personal injuries suffered by plaintiff while in the employ of defendant as a teamster, the claim of the plaintiff being, that such injuries were caused by the negligence of his employer, in that the appliances furnished him with which to do the work were defective. There have been two trials of the case. The first trial resulted in a judgment for plaintiff. On appeal by the defendant from such judgment and an order denying its motion for a new trial, the judgment and order were reversed and the cause remanded. (*Limberg* v. *Glenwood Lumber Co.*, 127 Cal. 598.)

Upon this trial the court granted defendant's motion for a nonsuit, and judgment was entered accordingly. The plaintiff moved for a new trial, which was denied, and he appeals from the order denying his motion for a new trial. He contends that the trial court erred in granting the motion for a nonsuit, and also in excluding certain testimony.

1. We are of the opinion that the ruling of the trial court upon the motion for nonsuit is sufficiently specified as an error of law in the statement on motion for a new trial to enable us to review it. That ruling was, however, undoubtedly correct. Upon the former appeal it was held, after a full discussion of the evidence, that the defendant's motion for a nonsuit made on the trial should have been granted, upon the ground that the evidence for the plaintiff clearly showed that, even if it were conceded that the defendant was negligent in not furnishing proper appliances, the plaintiff had, with full knowledge of the defects, voluntarily continued to work therewith for several months prior to the accident, and that he had thus assumed the risk of working therewith.

The alleged defects complained of were, that the lines furnished for the driving of the horses were too short, and that there was no seat on the wagon.

It is unnecessary to discuss the evidence given on behalf of plaintiff on the second trial, further than to say that it is substantially the same, so far as is material to the question of the assumption of the risk of working with the appliances furnished is concerned, as the evidence given on the first trial and discussed by this court on the former appeal. The decision of this court upon such appeal as to the effect of this evidence has become the law of this case, and is binding upon this court on this appeal.

It is suggested by appellant that the evidence on the second trial showed "a new element of negligence of defendant in not having a brake on the wagon." This was an "element of negligence" not embraced within the issues made by the pleadings, the complaint specifying with great particularity the only negligence complained of—viz., that the lines were too short, and that the wagon was without a seat. The plaintiff's knowledge as to the brake was apparently the same as his knowledge as to lines and seat, for he testified: "There

CXLV. Cal.—17

never was a seat on that wagon nor a brake.'' We are unable to see how the evidence as to the want of brake in any way affected the question as to whether plaintiff had assumed the risk of working with the short lines on a wagon without a seat.

2. As to the rulings of the court sustaining objections to certain questions asked by defendant, we find no warrant for disturbing the judgment or order denying a new trial.

The question asked the witness Sanor, as to whether it was usual or customary in the business of hauling lumber with four horses to have a wagon equipped as this wagon was, and with lines such as were here used, was material, if at all, only to the question of negligence, and if it be conceded that the proposed evidence was competent, the ruling of the court rejecting the same could not have prejudicially affected plaintiff's rights, as it could not affect the determination of the question as to whether plaintiff had assumed the risk of working with the appliances furnished. It being determined that he did assume such risk, it is immaterial whether or not there was in fact negligence on the part of defendant. The same may be said as to the question asked the plaintiff as to whether or not, if he had had lines long enough to sit back on the load, he would have been pulled off the load by the lines, which went at most to the question of negligence and the cause of the accident. There was, however, no error in the ruling of the court sustaining the objection to this question.

We are unable to see the materiality of the question asked the plaintiff as to what use he could have made of a brake, if there had been one on the wagon.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.