## 8144. CENTRAL GEORGIA POWER CO. *v.* WALKER.

The plaintiff was a trespasser upon the premises of the defendant. The duty to a trespasser does not arise out of any relationship between the parties; there is no rightful relationship. It arises only with knowledge of the perilous position of the trespasser. The duty is, therefore, not to anticipate, but to refrain from wanton or wilful injury to the trespasser after knowledge of his peril. The failure to exercise ordinary care and diligence is in many instances the equivalent of wantonness and wilfulness, but, manifestly, only after the perilous position of the trespasser is known. Under the undisputed evidence, the plaintiff was not entitled to recover, and the court erred in overruling the defendant's motion for a new trial.

DECIDED JULY 26, 1917.

Action for damages; from Spalding superior court—Judge Searcy. May 20, 1916.

*Harris, Harris & Witman, Hatcher & Smith, W. H. Connor,* for plaintiff in error. *J. W. Wise, W. H. Beck, E. J. Reagan,* contra.

GEORGE, J. The plaintiff sued for personal injuries, and recovered a verdict for $15,000, which was set aside by the Supreme Court. *Central Georgia Power Co.* v. *Walker,* 144 *Ga.* 124 (86 S. E. 321). The material and controlling facts in the present record fully appear in the opinion of the Supreme Court, and it is unnecessary to repeat them here. The second trial of the case resulted in a verdict for the plaintiff, in the sum of $10,000, and the case is again up for review. The evidence in the present record is, in all substantial and material respects, the same as that introduced upon the former trial, passed on by the Supreme Court and quoted in its opinion. The Supreme Court in this case and on the same facts ruled that the plaintiff was a volunteer, or trespasser, upon that part of the premises of the defendant company where he received his injuries. In the opinion (144 *Ga.* 129) it is said: "From this statement of his [the plaintiff's] own evidence it is manifest that he went into the upper story of this substation for purposes in no way connected with the business which brought him upon the premises; and if he went into this upper story on the invitation or by permission of the company's agent, that invitation or permission was clearly without the scope of the agent's duties; and going there under these circumstances, the plaintiff had not an invitation of the defendant corporation, but was a volunteer or intruder who had laid aside, for the time being, the business which he claims to have had in hand when he went upon the premises, and was indulging the gratification of his curiosity;" from which it necessarily follows that he was a trespasser. Being a trespasser, the defendant was under no duty as to him, except (as has been often said by the Supreme Court) not to injure him wantonly and wilfully after knowledge of his peril. In the present record it is undisputed that the plaintiff, in going into the high-tension gallery, was perfectly safe as long as he remained in the passageway. This high-tension gallery was in the upper story of the defendant's substation. The plaintiff was in absolutely no peril, until he left the passageway in the high-tension gallery and went in between the oil-tank switches, and commenced to wander about among the wires and electrical apparatus of the defendant. Even at this stage he was in no position of peril, and the danger

did not arise until he raised his hand above his head and placed his hand in close proximity to the insulator cap on one of the oil tanks of the defendant. Miller, the only representative or agent at or in charge of the substation, was still below, on the first floor of the building. He did not know that the plaintiff had stepped outside of the passageway in the high-tension gallery above. He certainly did not know that the plaintiff had brought any part of his person in close and dangerous proximity to the insulator cap.

The second trial of the case was had on the pleadings as they stood when the case was considered by the Supreme Court. The pleadings alleged that the plaintiff was an invitee or licensee. Without amendment, he sought to recover upon the theory that, although he was a mere trespasser on the defendant's premises, his injury was wantonly and wilfully inflicted. His case is based upon the necessary and essential assumption that the agent Miller, who was declared by the Supreme Court to be wanting in any authority to invite or permit the plaintiff to enter the high-tension gallery, should have warned the plaintiff of the danger of going up into the high-tension gallery. The trial court submitted the case to the jury upon this necessary assumption. If there was no duty upon Miller or the defendant to warn the plaintiff not to go into the high-tension gallery, the plaintiff has absolutely nothing upon which to stand. The plain answer to this assumption is that, between the defendant and the plaintiff, considering the latter as a trespasser, there was no relation which per se gave rise to any duty. The duty to a trespasser does not flow from the relation; none exists, except a wrongful relation. It can arise only with the peril to the trespasser. Until the peril arises, and until the defendant knows of the peril to the trespasser, there can be no duty to warn the trespasser. To assume such a duty is to assume the prior duty to think for the plaintiff, and to anticipate that he may put himself in a position of peril. Citation of authority is unnecessary, but we call attention to the following cases: *Charleston & W. C. R. Co.* v. *Johnson,* 1 *Ga. App.* 441, 443 (57 S. E. 1064) ; *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060) ; *Underwood* v. *Western & Atlantic R. Co.,* 105 *Ga.* 48 (31 S. E. 123) ; *N., C. & St. L. Ry.* v. *Priest,* 117 *Ga.* 767 (45 S. E. 35) ; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (2) (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675). The decision of the Supreme Court in this

case is necessarily decisive of the case. The court properly did not in its decision assume that the plaintiff would be unable on a second trial to show facts and circumstances from which it might be inferred that he was, as he alleged himself to be, a licensee or invitee upon the defendant's premises. The frightfulness of the injury to the plaintiff has caused us to halt and hesitate, but the logic of the facts, and the well-established principles of law applicable thereto, compel this conclusion. The judgment of the trial court might be reversed and the case sent back for a new trial upon one or more of the many assignments of error contained in the motion, but this would be futile. Upon two trials the facts have been fully developed, and if in the first trial the plaintiff was a trespasser, he remains a trespasser, under the undisputed facts of the present record. The court therefore erred in overruling the motion for a new trial.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*