[L. A. No. 4483.   Department One.—November 21, 1918.]

## MAY ALLRED, Appellant, v. PIONEER TRUCK COMPANY (a Corporation), Respondent.

NEGLIGENCE — FALLING UNDER FURNITURE VAN — NONLIABILITY.—An owner of a furniture van being drawn along a public street by horses, on the end gate of which several boys were riding unseen by the driver, is not liable in damages for the death of a boy, who, seeing the other boys on the van, ran to its side and in attempting to climb on the projecting end of the brake-beam, or by slipping upon the wet asphaltum pavement, fell in front of the hind wheel, receiving injuries which caused his death.

ID.—DUTY OF OWNER.—The law does not impose the duty upon one lawfully operating a vehicle on a public street to place men thereon in such position as to be able to see and prevent boys from attempting to board the vehicle.

ID.—PRINCIPLE OF "TURNTABLE CASES" INAPPLICABLE.—The principle of the "turntable cases" is not to be extended so as to include vehicles in common and everyday use on city streets.

ID.—OTHER BOYS RIDING—NEGLIGENCE NOT IMPUTED.—Negligence cannot be imputed to the owner of such a van merely because other boys

at the time, but without its knowledge or consent, were attempting to ride or riding on the end gate constituting a part of the floor of the van wherein to land and transport goods.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. L. Richardson, for Appellant.

A. H. Sweet, Morganstern, McGee, Henning & Hendee, and Sweet, Stearns & Forward, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—In this action plaintiff sought to recover damages for the death of her minor son, Melvin Allred, a boy nine years of age, which she alleged occurred as a result of defendant's negligence.

At the close of plaintiff's evidence the court granted defendant's motion for a nonsuit. In accordance therewith, judgment in favor of defendant was entered, from which, and an order denying plaintiff's motion for a new trial she prosecutes this appeal.

At the time of the accident an employee of plaintiff was driving a furniture van, drawn by three horses, along Broadway, in the city of San Diego. As constructed, this van was an inclosed box some twelve or fifteen feet in length, six feet high and five feet in width, with a tail or end gate three feet wide, suspended by chains so that the outer edge was but two feet eight inches above the surface of the street. The van was filled with furniture, by reason of which neither the driver nor the assistant with him, occupying the front seat of the vehicle, could see the end gate upon which, unknown to them, three or four boys were riding. Melvin Allred and another lad were on their way to school, and seeing these boys on the end gate they ran to the vehicle and his companion climbed upon the end gate. Young Allred, however, ran around the side of the wagon and either in attempting to climb on the projecting end of the brake-beam or by slipping upon the wet asphaltum pavement fell in front of the hind wheel, receiving injuries which caused his death. There was also evidence that plaintiff, in conducting its business,

operated trucks, the platforms of which, being uninclosed and surrounded by movable stakes, were low hung, thus rendering them easy of access and upon which theretofore, on occasions, small boys had, with the consent of those in charge, been permitted to ride along the streets. Also, that on one or two prior occasions boys had ridden on the tail gates of defendant's furniture vans.

Construing the evidence thus summarized most strongly in favor of plaintiff, we are clearly of the opinion that it is insufficient to establish any neglect of duty on the part of the defendant toward the deceased.

The contention of appellant is that defendant was not only guilty of negligence in that it had theretofore on occasions permitted boys to ride upon its low-hung trucks, but that they left the end gate of the furniture van down, thus inducing boys to climb thereon, constituting negligence. "It was the duty of defendant," says counsel for plaintiff, "to place its men in a position where they could at all times inspect all parts of the vehicle it was operating and its failure to do so was negligence."

The proposition, upon the facts shown in the instant case, find no support in the authorities cited. Very few vehicles operated on highways are so constructed that boys cannot climb upon them or some parts thereof, and the proposition advanced, carried to its logical conclusion, would mean that the driver of an automobile or other vehicle whose duty requires him to observe the road along which he is traveling and attend to his motive power, must be Argus-eyed or accompanied by outriders charged with the duty of seeing that small boys do not find lodgment upon the running-boards or other parts of the vehicle or approach, a position of danger where they may, as in this case, fall under a wheel. The law does not impose such duty on one lawfully operating a vehicle along a public street. (*Hebard* v. *Mabie,* 98 Ill. App. 543; *Bishop* v. *Union R. R. Co.,* 14 R. I. 314, [51 Am. Rep. 386]; *Hestonville etc. Ry. Co.* v. *Connell,* 88 Pa. St. 520, [32 Am. Rep. 472].) The facts involved in the case of *Cahill* v. *Stone,* 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84], upon which appellant so largely relies, brought it within a line of decisions known as the "turntable cases," the principle applicable to which, however, is not to be extended so as to include vehicles in common and everyday use on city streets.

(*Mayfield Water etc. Co.* v. *Webb*, 129 Ky. 395, [130 Am. St. Rep. 469, 18 L. R. A. (N. S.) 179, 111 S. W. 712] ; *Underwood* v. *Western A. R. Co.*, 105 Ga. 48, [31 S. E. 123].) It is a matter of common knowledge that boys are prone to steal rides on all sorts of vehicles propelled along the streets, but it would be an intolerable rule that imposed upon the owner of vehicles the duty of employing guards to keep boys so inclined to trespass, at a safe distance therefrom. (*Foster-Herbert etc. Co.* v. *Pugh*, 115 Tenn. 688, [112 Am. St. Rep. 881, 4 L. R. A. (N. S.) 804, 91 S. W. 199].) Hence, as to deceased, negligence cannot be imputed to defendant merely because other boys at the time, but without its knowledge or consent, were attempting to ride or riding on the end gate constituting a part of the floor of the furniture van wherein to load and transport goods. Moreover, the injury to the lad was not caused by his climbing, or attempting to climb, on the end gate, but as stated, due to his running to the side of the vehicle, where he fell in front of the hind wheel. Whether attracted to the wagon by the presence of the boys or the novelty of the vehicle's construction, the unfortunate accident was one for which defendant was not liable on account of negligence.

The judgment and order are affirmed.

Sloss, J., and Richards, J., *pro tem.*, concurred.