[L. A. No. 8541. In Bank.—March 18, 1927.]

DANIEL NORLAND, by His Guardian Ad Litem, C. NOR-
LAND, etc., Appellant, v. GEORGE B. GOULD et al.,
Respondents.

[1] RULES OF COURT—JURY TRIAL—WAIVER—DISCRETION.—Under sec-
tion 129 of the Code of Civil Procedure every court of record
may make rules not inconsistent with the laws of this state,
for its own government and the government of its officers; and
under the constitution a trial by jury may be waived in civil
actions by the consent of the parties, signified in such manner
as may be prescribed by law.

[2] ID.—DISCRETION—APPEAL.—A rule of the superior court requiring
a party desiring a trial by jury in a civil action to deposit
with the clerk a certain number of days in advance of the trial
a certain amount for jury fees is valid; and the exercise by the
trial court of its discretion in denying an application for con-
tinuance and for a jury trial, upon the ground that the rule was
not complied with, will not be disturbed on appeal.

[3] NEGLIGENCE — FINDINGS — SUFFICIENCY OF EVIDENCE.—In this ac-
tion for damages for injuries received by a boy while attempt-
ing to climb upon a truck owned by one of the defendants and
operated by the other, upon the theory that the defendants
were guilty of negligence, it is held that, as a matter of fact
and of law, the evidence showed that the injury was caused
by the negligence of plaintiff without any contributing factor
of the defendants; and that the evidence sustained the findings
of the trial court in favor of defendants.

(1) 15 C. J., p. 901, n. 12; 35 C. J., p. 197, n. 48, 51, p. 218, n. 19,
p. 219, n. 26. (2) 4 C. J., p. 796, n. 15, p. 810, n. 50; 35 C. J.,
p. 219, n. 27. (3) 42 C. J., p. 1057, n. 62, p. 1058, n. 69, 70, p. 1238,
n. 49; 29 Cyc., p. 541, n. 87, 89, 90, p. 642, n. 26.

APPEAL from a judgment of the Superior Court of
Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. Donaghy and Lorin W. Smith for Appellant.

Joe Crider, Jr., and W. F. Menton for Respondents.

1. See 7 Cal. Jur. 621; 15 Cal. Jur. 343.
2. See 15 Cal. Jur. 347.

LANGDON, J.—This is an appeal by the plaintiff from a judgment against him in an action brought to recover damages for personal injuries sustained by plaintiff Daniel Norland when he was a minor of the age of ten years. The action was brought by plaintiff by his duly appointed guardian *ad litem* against the Excelsior Creamery Company, the owner of an automobile truck which injured plaintiff, and George B. Gould, the driver of said truck at the time of the accident.

The plaintiff was injured while attempting to board the automobile truck, which was loaded with hay and was traveling slowly along the highway. Plaintiff's cause of action is based upon the alleged wilful and wanton negligence of the defendant Gould in omitting to use due care to avoid the injury to plaintiff.

When the cause came on for trial, the record shows that the attorney for plaintiff said: "What do I understand about the jury this morning?" to which the court replied: "Why, I understand the rule was not complied with and the money was not put up for this jury and therefore the jury was waived." Counsel attempted to persuade the court to grant a continuance and permit a jury trial, despite the asserted waiver, and the court refused to do so. There is nothing in the record which shows compliance by plaintiff with the following rule of court, which was read into the record: "In any case, other than a criminal case, the party desiring a trial by jury must, at least ten days before the day set for trial, or if the order setting the case for trial is made less than ten days before the time fixed for trial, then at the time such order is made, deposit with the clerk the sum of twenty-four dollars for the payment of jury fees. If such sum is not so deposited a trial by jury shall be deemed waived and the court will proceed to trial without a jury."

[1] Section 129 of the Code of Civil Procedure provides: "Every court of record may make rules not inconsistent with the laws of this state, for its own government of its officers. . . . " The law of the state is: "A trial by jury may be waived . . . in civil actions by the consent of the parties, signified in such manner as may be prescribed by law." (Art. I, sec. 7, Cal. Const.)

[2] There is nothing in the record showing a compliance by plaintiff with the foregoing rule of court, and, indeed, it is not contended upon appeal that he did comply therewith; but the contention is that he should be excused from the consequences of noncompliance. The case of *Naphtaly* v. *Rovegno*, 130 Cal. 639 [63 Pac. 66, 621], presents a similar point and it was there held that the appellant was not entitled to a new trial. We find no grounds for disturbing the exercise of the discretion of the trial court with reference to this matter.

[3] The trial court heard the evidence and found that the defendant Gould was operating a truck owned by the Excelsior Creamery Company at the time of the injury to plaintiff and while driving this truck along the highway he overtook plaintiff and two companions, all under the age of eleven years; that Gould did not invite the boys to get upon his truck and did not slow down to allow them to do so; that plaintiff's two companions got upon the running-board of said truck and from there climbed upon the seat and were sitting beside Gould when the accident happened; that plaintiff attempted to follow his companion and that in said attempt, while he was hanging to the side thereof, without the knowledge or consent of Gould, he fell from said truck and the rear wheel thereof passed over his foot and leg; that Gould did not discover that plaintiff was attempting to board said truck until approximately the time of the accident and too late for Gould to give any aid to plaintiff to prevent said accident; that the injury to plaintiff was not caused by the wanton or wilful or any negligence or by entire or any absence of care on the part of Gould.

Appellant insists that these findings are not sustained by the evidence. With this contention we cannot agree. Gould testified that he first saw the boys when they were attempting to catch the truck ahead of the one he was driving; that they, apparently, stepped back to the right-hand side of the road; that he called to them not to attempt to board his truck; that the truck was heavily loaded with hay. The next he saw of the children was when one of the boys was climbing up on the truck. He proceeded to scold him for boarding trucks and while doing so he caught a glimpse of plaintiff's head as he was falling down from the truck. The plaintiff testified his two companions jumped upon the

moving truck and he was behind him. "I grabbed hold
and put my knee on, this knee was on and this foot here
got on a rock and tripped me. Q. Then what happened?
A. Then I fell down and they ran over me."

Appellant contends that the findings show a want of care
on the part of defendant which would entitle the plaintiff
to recover, but it appears to us that, as a matter of fact and
of law, the injury was caused by the negligence of plaintiff
without any contributing factor from the defendants. A
case analogous in principle to the instant case is found in
*Allred* v. *Pioneer Truck Co.*, 179 Cal. 315 [176 Pac. 455],
wherein it is said:

"At the time of the accident an employee of plaintiff was
driving a furniture van, drawn by three horses, along Broad-
way, in the city of San Diego. As constructed, this van was
an inclosed box some twelve or fifteen feet in length, six
feet high and five feet in width, with a tail or end gate
three feet wide, suspended by chains so that the outer edge
was but two feet eight inches above the surface of the street.
The van was filled with furniture, by reason of which neither
the driver nor the assistant with him, occupying the front
seat of the vehicle, could see the end gate upon which, un-
known to them, three or four boys were riding. Melvin
Allred and another lad were on their way to school, and
seeing these boys on the end gate they ran to the vehicle and
his companion climbed upon the end gate. Young Allred,
however, ran around the side of the wagon and either in
attempting to climb on the projecting end of the brake-
beam or by slipping upon the wet asphaltum pavement fell
in front of the hind wheel, receiving injuries which caused
his death. . . .

"Construing the evidence thus summarized most strongly
in favor of plaintiff we are clearly of the opinion that it is
insufficient to establish any neglect of duty on the part of
the defendant toward the deceased. . . . Very few vehicles
operated on highways are so constructed that boys cannot
climb upon them or some parts thereof, and the proposition
advanced, carried to its logical conclusion, would mean that
the driver of an automobile or other vehicle whose duty re-
quires him to observe the road along which he is traveling
and attend to his motive power, must be argus-eyed or ac-
companied by outriders charged with the duty of seeing that

small boys do not find lodgement upon the running-boards or other parts of the vehicle or approach a position of danger where they may, as in this case, fall under a wheel. The law does not impose such duty on one lawfully operating a vehicle along a public street.''

The foregoing language is very apt in connection with the facts presented upon the record before us.

The judgment is affirmed.

Seawell, J., Richards, J., Curtis, J., Preston, J., Shenk, J., and Waste, C. J., concurred.