[Civ. No. 6792. Second Appellate District, Division Two.—June 22, 1931.]

GUST BAKOS, Appellant, v. SHELL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Frank E. Carleton, J. Edward Keating and Theodore E. Bowen for Appellant.

George H. Moore for Respondents.

CRAIG, J.—The appellant instituted an action for damages against the respondents alleging that as owner and driver respectively of a truck and trailer, they negligently caused the fatal injury of his son. Judgment was entered in accordance with a verdict in favor of the defendants and the plaintiff appealed.

The respondent Kelly was driving a large truck to which was attached a trailer at a legal distance to the rear, at a rate of about thirteen or fourteen miles per hour, upon a paved thoroughfare, at the right side of which and about twelve feet distant was an embankment. As he passed a vacant, uninclosed area, he observed two small children, one of whom proved to be appellant's boy, about six and one-half years of age, run from the vacant lot to said embankment, where they stopped. The driver of another machine, who witnessed the accident, testified: "They stopped just about the front end of the truck, and just as quick as the back end of the truck began to come past them, they started down off of that embankment and right in between the truck and trailer and one of them dropped back and the other one didn't and both wheels of the trailer ran over the little fellow."

Evidence tending to show that the deceased stood nearer the line of travel than twelve feet and that the

trailer swayed or vacillated as it passed him was introduced by the plaintiff. Offered testimony to the effect that wheel marks were seen outside the paved roadway some time after the accident was excluded upon objection by the defendant. This is assigned as error upon the ground that it was not too remote and might have established the fact that the boy was struck by the framework of the trailer. While this evidence might have been received without prejudicial error as indicated by authorities cited since the deceased ran from the place of safety where Kelly saw him standing, and was by all of the evidence shown to have been found lying in the path of the trailer, we cannot say as a matter of law that the suggested conflict of evidence would have tended to charge the driver with a greater degree of care. There is no slight suggestion in the record that he could have anticipated such reckless impulses of the children as heretofore outlined after he saw them stop. Under similar circumstances, where drivers had no knowledge of the attempt or intentions of minors to board moving trucks, it has been held that the injuries were not caused by wanton or wilful or any negligence, or by any absence of care, on the part of the drivers. (*Allred* v. *Pioneer Truck Co.*, 179 Cal. 315 [176 Pac. 455]; *Norland* v. *Gould*, 200 Cal. 709 [254 Pac. 560].) In the case first cited, a child nine years of age fell beneath the rear wheel in attempting to climb on a truck without the driver's knowledge. It was said that the claim of negligence on the part of the defendants ''carried to its logical conclusion, would mean that the driver of an automobile or other vehicle whose duty requires him to observe the road along which he is traveling and attend to his motive power, must be Argus-eyed or accompanied by outriders charged with the duty of seeing that small boys do not find lodgment upon the running boards or other parts of the vehicle or approach a position of danger where they may, as in this case, fall under a wheel. The law does not impose such duty on one lawfully operating a vehicle along a public street. (*Hebar* v. *Mabie*, 98 Ill. App. 543; *Bishop* v. *Union R. R. Co.*, 14 R. I. 314 [51 Am. Rep. 386]; *Hestonville etc. Ry. Co.* v. *Connell*, 88 Pa. St. 520 [32 Am. Rep. 472].)'' Any error in excluding evidence is harmless in such cases, when it appears that the plaintiff was not entitled to

judgment. (*Limberg* v. *Glenwood L. Co.*, 145 Cal. 255 [78 Pac. 728]; *Higgins* v. *Los Angeles Ry. Co.*, 5 Cal. App. 748 [91 Pac. 344].)

Other assignments for reversal relate wholly to instructions given to the jury, or refused, by the trial court. We are unable to coincide with appellant's assertion that the given instructions assumed facts not in evidence, or ignored pleaded or evidentiary matters before the court and jury. Requisite definitions of essential elements, and legal rules applicable to the material facts and circumstances, were fully and clearly stated. Offered instructions "refused except as covered by other instructions given", consisted of repetitions of given instructions, coupled with misstatements of the law as applied to such a case. There was no prejudicial error in this respect.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.