[Civ. No. 9977.   First Appellate District, Division Two.—April 7, 1936.]

ELLIOTT L. JOHNSTON, Appellant, v. ASSOCIATED TERMINALS COMPANY (a Corporation) et al., Respondents.

Carl A. Onkka and Cedric L. Brash for Appellant.

Bronson, Bronson & Slaven and John H. Painter for Respondents.

SPENCE, J.—Plaintiff brought this action seeking to recover damages for the alleged wrongful death of his minor son. At the close of the testimony the trial court directed a verdict in favor of defendants, and from the judgment entered upon the directed verdict plaintiff appeals.

The deceased, a boy of about 12 years of age, met his unfortunate death while he was skating with three companions on the Embarcadero in San Francisco. He fell beneath the rear wheel of a trailer which was being drawn by a tractor operated by defendants. While there was some conflict in the evidence on minor points, there was no conflict on any points which are material in this discussion.

The truck and trailer were proceeding between pier 24 and 20 at a rate of speed which was not in excess of 7 miles per hour. The trailer, which was about 6 feet wide and 20 feet long, was heavily loaded with canvas tents. Defendant Stone was driving the tractor and defendant Murphy was seated on the front of the trailer. As the boys approached the vehicles, they were warned to keep away by one or both of these men. They nevertheless took hold of the trailer or the load thereon at various points and were being propelled along on their skates. The deceased was at the side of the trailer in front of the rear wheel and in some manner fell and was crushed.

Appellant contends that the trial court erred in directing a verdict in favor of respondents but we find no merit in this contention. The uncontradicted evidence shows that respondents were lawfully operating the tractor and trailer upon the streets and the boys were trespassers when they either boarded or took hold of the trailer. The rules covering such situations have been frequently discussed and there appears to be no necessity of further elaborating upon them. (*Allred* v. *Pioneer Truck Co.*, 179 Cal. 315 [176 Pac. 455]; *Norland* v. *Gould*, 200 Cal. 706 [254 Pac. 560]; *Bakos* v. *Shell Co.*, 115 Cal. App. 142 [300 Pac. 982]; *Gamble* v. *Uncle Sam*

*Oil Co.,* 100 Kan. 74 [163 Pac. 627, L. R. A. 1917D, 875].)
As was said in *Allred* v. *Pioneer Truck Co., supra,* at page
318: "It is a matter of common knowledge that boys are
prone to steal rides on all sorts of vehicles propelled along
the streets, but it would be an intolerable rule that imposed
upon the owner of vehicles the duty of employing guards to
keep boys so inclined to trespass, at a safe distance there-
from."

As we read the argument of appellant, his main claim
seems to be that the cause should have been submitted to the
jury upon instructions covering the last clear chance doc-
trine. We cannot sustain this claim. Both Stone and Mur-
phy testified that they warned the boys to keep away as the
boys approached the vehicles from the curb but that they
did not see the boys thereafter as their view was obstructed.
Appellant points to certain evidence to show that it might be
inferred that the men could and did see the boys thereafter.
Appellant then argues that the driver should have stopped
the vehicles. Assuming, without deciding, that the doctrine
of last clear chance might be invoked on behalf of a trespasser
in the absence of wanton or wilful conduct causing injury,
we believe it clear under the facts in the present case that
there was no evidence warranting the submission of the cause
to the jury upon instructions covering that doctrine. If it
may be said that there was evidence from which it might be
inferred that the men were aware of the fact that the boys
were in a position of danger, there was no evidence whatever
to show that the deceased or any one of the boys was in a
position of danger from which he could not escape by the ex-
ercise of ordinary care. In the absence of such evidence,
the last clear chance doctrine could not apply under the rules
set forth in *Chappell* v. *San Diego & Arizona Ry. Co.,* 201 Cal.
560 [258 Pac. 73], upon which case appellant relies.

A reading of the record clearly shows that the death of the
deceased was the tragic result of a boyish prank, but it fails
to show that such death resulted from any act or omission on
the part of respondents for which liability could be fastened
upon them. The trial court therefore properly directed a
verdict in their favor.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.