6681.   SAVANNAH ELECTRIC COMPANY *v.* DIXON.

HODGES, J.   1.  The petition set ·forth a cause of action, and the judg-
ment sustaining certain grounds of the demurrer and overruling others
was not error.

2. It can not, on the record in this case, be held that the verdict was in-
duced by bias or prejudice; and, the trial judge having approved the
verdict, this court has no right to interfere upon the ground that the
amount awarded as damages ($3,000 for the homicide of a six-year-old
boy) was excessive.

3. The court gave in charge to the jury the proper measure of damages.
A parent is entitled, under the law, to recover the present cash value
of the services of a minor child, negligently killed, without deduction
for the usual and reasonable expenses of caring for and rearing such
child to its majority, and the amount of damages can be arrived at
from a consideration of the evidence, or from experience and a knowl-
edge of human affairs on the part of the jury.

4. The court did not err in not instructing the jury that they must deter-
mine the reasonable expense of caring for and rearing the deceased, and
deduct this sum from any amount they found as damages.  No evidence
was offered upon this line, and, even conceding that such evidence would
have been admissible, the court was not authorized to give the jury
instructions on the. subject.

5. There was no error in the failure of the judge to submit to the jury
the defense that the plaintiff was negligent in permitting the child to
go unattended on the street.  The fact that the mother of a six-year-old
boy sent him unattended to make a purchase for her, and that while
performing this duty he was killed by a street-railway car, by reason
of the negligence of an incompetent servant of the railway company
operating it, can in no way affect the mother's right to recover the
present cash value of the services of the son until his majority.  It
can not be said that the mother, in sending her six-year-old son un-
attended to a bakery to make a purchase, was guilty of such negligence
as would prevent a recovery, where the evidence disclosed that the
child was physically and mentally well developed and capable of per-
forming such duty.  There was no timely written request to charge
the jury upon this subject.  If the insistence that the mother of the
deceased was negligent in sending him unattended to the bakery is cor-
rect, it would not affect her right of recovery for his homicide, as the
evidence discloses that the child was killed by a servant of the defend-
ant, not in the exercise of ordinary care and diligence, and at a time
and place at which, if the servant had attended to his duties, the homi-
cide could not have occurred.                    *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Action for damages; from city court of Savannah—Judge Davis
Freeman.   May 21, 1915.

*Osborne & Lawrence,* for plaintiff in error, cited:  (On the
measure of damages and on the contention that compensatory dam-

ages only were recoverable) 8 Am. & Eng. Enc. L. (2d ed.) 919; 3 Shearman & Redfield on Negligence, 2017-18; Pa. Co. *v.* Lilly, 73 Ind. 252; St. Louis &c. R. Co. *v.* Freeman, 36 Ark. 411; Rockford *v.* Delaney, 82 Ill. 198; Benton *v.* R. Co., 55 Iowa, 496; Hedrick *v.* Illwilco, 4 Wash. 404; Civil Code (1910), § 4424; *Shields* v. *Yonge,* 15 *Ga.* 349; *Bell* v. *R. Co.,* 73 *Ga.* 520; *Chick* v. *R. Co.,* 57 *Ga.* 357; *King* v. *Ry. Co.,* 126 *Ga.* 795; *City of Albany* v. *Lindsay,* 11 *Ga. App.* 578; *Fuller* v. *Inman,* 10 *Ga. App.* 680; *Central Ry. Co.* v. *James,* 143 *Ga.* 753; *Frazier* v. *R. Co.,* 101 *Ga.* 74; *Covenia* v. *R. Co.,* 100 *Ga.* 46. (Contributory negligence of parent) *Hooper* v. *Ry. Co.,* 112 *Ga.* 96; 29 Cyc. 1644; Westerburg *v.* Kinuza Co., 24 Am. St. R. 510; Shearman & Redf. Neg. (6th ed.), 192, 203.

*Oliver & Oliver,* contra, cited: (On measure of damages) Civil Code, §§ 4424, 4425; *Fuller* v. *Inman,* 10 *Ga. App.* 692; *Amos* v. *Ry. Co.,* 104 *Ga.* 812; *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599; *McDowell* v. *Ga. R. Co.,* 60 *Ga.* 320; *Augusta Factory* v. *Davis,* 87 *Ga.* 648; *S., F. & W. Ry. Co.* v. *Smith,* 93 *Ga.* 742; *Frazier* v. *R. Co.,* 101 *Ga.* 70, 72; *Central R. Co.* v. *Harrison,* 73 *Ga.* 744; *City of Albany* v. *Lindsay,* 11 *Ga. App.* 573. (Contributory negligence) *Cohen* v. *Cody Sales Co.,* 14 *Ga. App.* 234; *Walker* v. *R. Co.,* 112 *Ga.* 725.