## 10464.   SCOTT *v.* STATE MUTUAL LIFE INSURANCE COMPANY.

Where the petition in an action for personal injuries from electricity alleged that the defendant was the owner of a house supplied with electricity by a named company through wires owned by the defendant, which were strung on poles extending across an adjoining uninclosed tract of woodland separated from the defendant's premises by a fence and not owned by the defendant, that the plaintiff (a boy ten years old) had been picking blackberries there, and, when returning to his home and running along a much used and worn pathway on this tract of woodland and near the defendant's fence, he stumbled, and in falling threw out a hand and caught hold of one of the electric wires, from which a part of the insulation had worn off and which was then and for more than two months had been sagging near the ground, and his hand was burned by it, that people for a great number of years had been accustomed to travel upon this land along the place where he was injured, and that the defendant knew, or in the exercise of ordinary care should have known, of this use of the pathway and of the dangerous condition of the wire described, no cause of action was shown by the petition, if not appearing that the plaintiff was there because of inducement or invitation on the part of the defendant, either express or implied, or that the character of the pathway was such as to amount to invitation or permission to use it, or that the injuries resulted from his use of the path while availing himself of such permission.

DECIDED OCTOBER 9, 1919.

Action for damages; from city court of Floyd county—Judge Nunnally.  March 18, 1919.

*Harris & Harris,* for plaintiff, cited: *American Tel. &c. Co.* v. *Murden,* 141 *Ga.* 209 (2); *Ferrel* v. *Dixie Cotton Mills,* 37 L. R. A. (N. S.) 64 (3), 69; *Scott* v. *Rome Ry. & Light Co.,* 22 *Ga. App.* 474; *Brinilson* v. *Chicago &c. Ry. Co.,* 32 L. R. A. (N. S.) 359; *Davoust* v. *City of Alameda,* 5 L. R. A. (N. S.) 536; *Walters* v. *Denver Consol. Elec. Co.,* 12 Col. 145 (54 Pac. 960); *So. Bell Tel. Co.* v. *Howell,* 124 *Ga.* 1050; *Wallace* v. *Matthewson,* 143 *Ga.* 236; *Ashworth* v. *So. Ry. Co.,* 116 *Ga.* 635; *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607; *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161.

*Maddox & Doyal,* for defendant, cited: *Pacetti* v. *Cen. Ry. Co.,* 6 *Ga. App.* 97; *Babcock Lumber Co.* v. *Johnson,* 120 *Ga.* 1030; *So. Bell Tel. Co.* v. *Starnes,* 122 *Ga.* 604; *Scott* v. *Rome Ry. &c. Co.,* supra; *Etheredge* v. *Central Ry. Co.,* 122 *Ga.* 855; 1 Thomp. Neg. 945-6; *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717; *Kohn* v. *Lovett,* 44 *Ga.* 251; *Neff* v. *Broom,* 71 *Ga.* 251; *King* v. *Cen. Ry. Co.,* 107 *Ga.* 754; *Seward* v. *Draper,* 112 *Ga.* 673; *Rome Furniture Co.* v. *Patterson,* 120 *Ga.* 521; *Chattanooga So. Ry. Co.*

v. *Wheeler,* 123 *Ga.* 41; *Savannah &c. Ry. Co. v. Beavers,* 113 *Ga.* 400; Bell *v.* R. Co., 60 So. 1029; Bottum *v.* Hawks, 79 Atl. 858; *N. C. & St. L. Ry.* v. *Priest,* 117 *Ga.* 767; *O'Connor* v. *Brucker,* Id. 451 (4).

LUKE, J. The plaintiff in this case first instituted suit against Rome Railway and Light Company for his alleged injuries. It was held in that case that the plaintiff was a trespasser coming in contact with a wire charged with electricity on private premises, not adjacent to any path in general use by the public. This court affirmed a judgment of nonsuit. See *Scott* v. *Rome Railway and Light Co.,* 22 *Ga. App.* 474 (96 S. E. 509). The present suit is against the State Mutual Life Insurance Company, and recovery is sought upon the ground that the defendant owns the house which is supplied with electricity through the wires that injured the plaintiff. The petition alleges that the wires were strung along on poles by the defendant's predecessor in title, and that at the time of the injury the defendant owned the wires and was using them to convey electricity into the house. The petition alleges, that the plaintiff was injured while upon an adjacent woodland lot not owned by the defendant; that the plaintiff had been picking blackberries there, and was returning home and running along a much used and worn pathway near the defendant's fence, which separated the defendant's property from this uninclosed woodland tract, when he suddenly stumbled and fell, and, in falling, threw out his left hand and caught hold of one of the electric wires mentioned above, which at that time was and for more than two years had been sagging to within two feet of the ground; that the insulation on it on a space of about six inches had been rubbed off or had rotted off, and that when he caught hold of it he was burned by the electricity passing through it; that the defendant knew or in the exercise of ordinary care ought to have known that said wire was so hanging and dangerous as alleged; that the electricity was being conveyed through the said wires by the Rome Railway and Light Company; and that people had for a great number of years been accustomed to travel over this land along the place where the plaintiff was injured, and that this was known or should have been known to the defendant. The court sustained a general demurrer to the petition, and the plaintiff excepted.

Inasmuch as the petition fails to show that the defendant held out an invitation to the plaintiff to use the path or the uninclosed woodland tract (which it did not own), or that the path was of such a character as to amount to an invitation or permission to use it as a passageway over the land, or to show that the injury resulted from the use of the path or passageway while the plaintiff was in the act of availing himself of this permission, it was not error to sustain the general demurrer. See *Etheredge* v. *Central of Ga. Ry. Co., 122 Ga.* 853 (50 S. E. 1003). In addition to what has already been said, the petition shows that the plaintiff entered on the premises over which the wires were strung and where he was injured, without any enticement, allurement, or inducement being held out to him by the defendant. The petition shows that the plaintiff was crossing over said tract of land for his own pleasure. See *Jones* v. *Asa G. Candler Inc., 22 Ga. App.* 717 (97 S. E. 12). The present case is distinguishable from *Mandeville Mills* v. *Dale, 2 Ga. App.* 607 (58 S. E. 1060), *Ashworth* v. *So. Ry. Co., 116 Ga.* 635 (43 S. E. 36, 59 L. R. A. 592), *So. Bell Tel. &c. Co.* v. *Howell, 124 Ga.* 1050 (53 S. E. 577, 4 Ann. Cas. 707), *Am. Tel. &c. Co.* v. *Murden, 141 Ga.* 209 (80 S. E. 788), and *Wallace* v. *Matthewson, 143 Ga.* 236 (84 S. E. 450). From the facts pleaded in each of these cases it appears that the defendants therein were so placed as to owe a duty to the plaintiffs, the violation of which was the proximate cause of the injury sued for. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*