18349. MOBLEY *v.* CITY OF MONROE *et al.*

The petition as amended, by which it was sought to recover for the death of an eleven-year-old boy from contact with an electric wire on a water-tower which he was climbing, alleged to be a nuisance attractive to children, set out no cause of action, and the demurrers thereto were properly sustained.

DECIDED NOVEMBER 16, 1927.

Action for damages; from Walton superior court—Judge Fortson. June 8, 1927.

Mrs. Elizabeth Mobley sued Monroe Cotton Mills and the City of Monroe for damages because of the death of her eleven-year-old son, Roy Mobley, alleging that he met his death in the following way: About dusk, of May 22, 1926, Roy Mobley and three other children were playing in Hotel Street in the City of Monroe, Georgia, around and about a water-tank which had been erected by Monroe Cotton Mills. In the course of their play one of the children climbed up the tank, and, after he had safely returned to the ground, Roy Mobley undertook to climb the southeast leg of the tank. After he had climbed up about twenty feet he turned to come down, and, as he turned, he happened to reach out his left arm, and his hand or arm came in contact with a live electric wire which was owned by the City of Monroe, and which was at a distance of two feet from this leg of the tank. As a result of coming in contact with the live wire he was precipitated to the ground, his skull was fractured, and he died immediately. The petition alleges, that this particular leg of the tank was situated in Hotel Street; that its location in that street constituted a public nuisance in so far as the traveling public was concerned; that the City of Monroe acquiesced in the continuance of this nuisance by failing to abate the same; that at the time the said tank was erected, and when measured at a point twenty feet from the ground, the leg of the tank at that point was within a distance of two feet from the live electric-light wire, which, at the time of the accident, was not insulated or protected in any way; that the water-tank and the electric-light wire in close proximity thereto were a nuisance which was attractive to children who passed along or played in Hotel Street; that no fence or enclosure was

Electricity, 20 C. J. p. 378, n. 88.
Negligence, 29 Cyc. p. 568, n. 96.

made around the tank, and the electric wire overhead was within a hand's reach of any child that climbed as high as twenty feet up the southeast leg of the tank; that said Cotton Mills, its officers and agents, well knew from human experience the well-known habits of children to gather and play, as well as to climb objects accessible and alluring to them, even if danger were involved; that Roy Mobley, on account of his youth and tender years, naturally did not have the mental capacity, the discretion, or the experience to realize the danger that awaited him when he reached out his arm and came in contact with the live wire; that on account of his youth he was not chargeable with negligence, and neither was the plaintiff chargeable with negligence for his unfortunate death, and that the acts of negligence on the part of the defendants concurred in causing the death of her son. The plaintiff also alleged that the cotton mill "was guilty of the grossest negligence and lack of care and caution for the lives of children passing by the water-tower or gathering there, when they allowed this nuisance to continue as it did without any railing or fence around the tower and allowed the tower to stand in such dangerous proximity to the electric wire overhead;" and that "the City of Monroe, its officers and agents, were grossly negligent just the same as the cotton mills were, and further negligent and grossly so for the reason that the city took no action to abate and remove said tower as a nuisance." She alleged also that her son "rendered useful and valuable service in doing odd jobs about the house and home of plaintiff; that he did manual labor such as a boy of his age could do, and the earnings realized from the manual labor, outside the work around the home, were considerable and for the benefit and help of the family, including the mother, the plaintiff. These earnings from his labor in the field and elsewhere amounted at least to $100 a year for the last two years or more of his life." The defendants filed separate demurrers, both general and special, and when the plaintiff amended her petition, the defendants not only renewed the original demurrers to the petition as amended, but also filed additional grounds of demurrer. The demurrers were sustained.

*Joseph H. Felker, Henry C. Tuck,* for plaintiff.

*A. M. Kelly, McDaniel & Neely, Harry L. Greene,* for defendants.

BLOODWORTH, J. (After stating the foregoing facts.) The

petition as amended set out no cause of action against either defendant, and the court properly sustained the demurrers and dismissed the petition. *City of Rome* v. *Cheney,* 114 *Ga.* 194 (39 S. E. 933, 55 L. R. A. 221); *Etheredge* v. *Central of Ga. Ry. Co.,* 122 *Ga.* 853 (50 S. E. 1003); *Brown* v. *Panola Light and Power Co.,* 137 *Ga.* 352; *Atlantic Coast Line R. Co.* v. *Corbett,* 150 *Ga.* 747, 749 (105 S. E. 358), and cit.; *Seaboard Air-Line Ry. Co.* v. *Young,* 20 *Ga. App.* 291 (93 S. E. 29), and cit.; *Macon, Dublin & Savannah R. Co.* v. *Jordan,* 34 *Ga. App.* 350, 352 (129 S. E. 443), and cit.

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*