### 21128.   RAGAN *v*. GODDARD.

Decided July 20, 1931.

*Hall, Grice & Bloch, Ellsworth Hall Jr.*, for plaintiff in error.
*Brock, Sparks & Russell, Joe Ben Jackson*, contra.

BELL, J. (After stating the foregoing facts.) There was some slight conflict in the testimony as to the conduct of the decedent at and just before the time of his injury, but the jury were authorized to find that the material allegations of the petition were supported by the evidence, and, therefore, the real and controlling question in this court is whether the trial court was right in overruling the general demurrer. The main contention of counsel for the defendant is that the petition shows upon its face that the decedent's death was caused by his own negligence in voluntarily placing himself in a position of danger. We think that this was not a question which the court could properly settle against the plaintiff as a matter of law, and must therefore affirm the judgment overruling the general demurrer.

"Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." Civil Code (1910), § 3474. This means "such care as the capacity of the particular child enables him to use naturally and reasonably, and not the care ordinarily exercised and which should reasonably be expected from a child of his years and experience, under the circumstances in which he is placed." *Clary Maytag Co.* v. *Rhyne*, 41 *Ga. App.* 72 (2) (151 S. E. 686) ; *Western & Atlantic R. Co.* v. *Young*, 81 *Ga.* 397 (2) (7 S. E. 912, 12 Am. St. R. 320). Our conclusion is not altered in the present case by the allegation that the decedent was a "most precocious" child. It may be that a person who has attained the age of fourteen years is presumptively

charged with the same degree of care for his safety as an adult (*Muscogee Mfg. Co.* v. *Butts,* 21 *Ga. App.* 558, 94 S. E. 821); but we can not say that this presumption should be applied to the decedent merely because the petition alleged in effect that he was an intelligent and unusually well-developed child. The degree of care which he was required to exercise was still to be measured by his own particular capacity, in the light of the actual circumstances of the occasion and situation under investigation. The swimming-pool was naturally a place of sport and carefree exercise, and the petition shows that those who rode the chute were so exhilarated that they would shout and cry aloud as they traveled rapidly through the air; and that the happenings in this part of the pool were both picturesque and exciting. It should not be held as a matter of law that even this precocious child did not naturally forget the danger attendant upon his presence at the place in question.

Among other cases cited and relied on by counsel for the plaintiff in error is the decision of the Supreme Court in *Brown* v. *Panola Light & Power Co.,* 137 *Ga.* 352 (73 S. E. 580). In that case it appeared that a power company constructed over the land of another, with his consent, its transmission line. The wires were three in number, strung to poles at a height of twenty-two feet from the ground. The wires passed over a sweetgum tree, the top of which had been cut out to prevent contact of the wires with the tree. The wires were not insulated, and carried an electrical current of high voltage. The tree had sometimes been visited by children for the purpose of procuring the gum which exuded from cuts or abrasures on the tree, but the power company's officials had no knowledge of this fact. A thirteen-year-old boy, unusually well grown for his age, though warned by his father some months previously of the dangerous character of the wires, climbed the tree in search of gum, came in contact with the wires, and was killed. The Supreme Court held "that in a suit for damages for the alleged wrongful death of the boy, the power company is not liable." But since the court delivered no further opinion in that case, it is not clear whether the decision was based upon the fact that the power company was without knowledge that the children were accustomed to visit the tree, or upon the facts as to the age of the particular child and the previous warning given to him by his father. In

604

either view that case is not authority against the conclusion which we reach in the present case, since it is apparent here that the defendant either knew or ought to have known of the danger to which the child was subjected, and the petition fails to show that he was given a previous warning by any person, as was true in the *Brown* case. On referring to the evidence, we notice some testimony to the effect that a bystander had warned the decedent against playing near or under the chute, but the jury could have found against the defendant as to this issue, in view of the testimony of various witnesses who undertook to give the facts touching the entire transaction and who mentioned nothing of this sort.

Counsel for the defendant do not insist that the petition failed to show negligence on the part of the defendant, nor that there was any deficiency in the evidence upon this question.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*