### 40242. ALLEN et al. v. SAFECO INSURANCE COMPANY OF AMERICA et al.

HALL, Judge. The Safeco Insurance Company brought an action for declaratory judgment naming as defendants the plaintiffs and the defendants in two automobile negligence actions. Two of the defendants in the negligence actions were Safeco's insured, Mrs. Robert L. Timbs, and her son, Robert M. Timbs, who allegedly was negligent in operating, with permission of the owner, the automobile of Ralph A. Heaton, one of the codefendants. Safeco sought a declaration of rights as to whether or not its insurance contract with Mrs. Timbs imposed upon it a duty to defend the negligence actions and to pay any damages awarded therein against the Timbses. Safeco thereafter filed a motion for summary judgment and the plaintiffs in the negligence actions filed an answer. After hearing, the trial court entered a summary judgment that Safeco had no duty to defend the Timbses and no liability to the plaintiffs and codefendants in the negligence actions. The plaintiffs in the negligence actions filed a writ of error in this court assigning error on the judgment of the trial court, naming Safeco, the Timbses and their codefendants in the negligence actions as defendants in error. *Held:*

The insurance policy issued to Mrs. Robert L. Timbs by Safeco provides: "The following are insured under the liability Section: . . . (b) with respect to a non-owned auto-

mobile (1) the named insured. (2) Any relative, but only with respect to a private passenger automobile or trailer, *provided the actual use thereof is with the permission of the owner."* (Emphasis supplied). The question here on summary judgment is whether or not there is a genuine issue that Robert M. Timbs (son of the insured) had the permission of Ralph A. Heaton (owner of the vehicle) to drive the vehicle at the time of the collision. In support of its motion for summary judgment, Safeco submitted affidavits of Ralph A. Heaton and his wife Hettie Sue Heaton. Each stated that the affiant had never at any time given Robert M. Timbs permission to use the automobile involved in the collision. The affidavits submitted by the plaintiffs in error in no way refute this fact. It follows that the moving party was entitled to a judgment as a matter of law. *Code Ann.* § 110-1203.

The plaintiffs in error contend in their brief that the judgment is erroneous for the reason that the policy of insurance in question was not attached to the petition for declaratory judgment. However, in order for this court to consider such an objection it must have been raised in the trial court prior to the ruling on the motion for summary judgment. *Planters Rural Tel. Co-Op. Inc. v. Chance,* 107 Ga. App. 116 (129 SE2d 384); *Burns v. Great A. & P. Tea Co.,* 105 Ga. App. 823 (1) (125 SE2d 687).

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*Grubbs & Prosser, Jordan H. Prosser,* for plaintiffs in error.

*Reed, Ingram, Flournoy & Custer, Lawrence B. Custer, Jean E. Johnson, Sr., Luther C. Hames, Jr.,* contra.