40753. BUTLER, by Next Friend v. BROGDON et al.

DECIDED SEPTEMBER 9, 1964—REHEARING DENIED
SEPTEMBER 22, 1964.

*Claude F. Brackett, Jr.*, for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, H. A. Stephens, Jr., Ralph H. Witt, Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, Edward W. Killorin*, contra.

BELL, Presiding Judge. This case does not rest on the "turn-table" or "attractive nuisance" doctrine for there is nothing in the petition charging the injury producing dangerous instrumentality as something within the ambit "of actual and compelling attraction for children." *Martin v. Seaboard Air Line R. Co.,* 101 Ga. App. 819, 821-822 (115 SE2d 248). In consequence the case must be controlled solely by the general rules applying to trespassers.

Here the child for whose injuries suit is brought is only six years old. Yet the petition shows conclusively that the child when injured was a trespasser. "A child who strolls upon private premises to play, without the permission or consent of the owner or person in charge, is a trespasser upon the premises." *Rowland v. Byrd,* 57 Ga. App. 390 (195 SE 458). Although *Rowland* does not say so, the truth is that the child about whom it spoke was only five years old. See the record of case No. 26691 on file in the office of the Clerk of the Court of Appeals, and see *Mobley v. City of Monroe,* 37 Ga. App. 364 (140 SE 516); *Bridges v. Ga. Power Co.,* 39 Ga. App. 400, 401 (2) (147 SE 589); *Smith v. Ga. Power Co.,* 43 Ga. App. 210 (158 SE 371).

In *Central Ga. Power Co. v. Walker,* 20 Ga. App. 645, 647 (93 SE 306), the late esteemed Judge Walter F. George of this court (later an Associate Justice of our Supreme Court and after that a most highly regarded United States Senator) wrote that "The duty to a trespasser does not flow from the relation; none exists, except a wrongful relation. It can arise only with the peril to the trespasser. Until the peril arises, and until the defendant knows of the peril to the trespasser, there can be no duty to warn the trespasser. To assume such a duty is to assume the prior duty to think for the plaintiff, and to anticipate that he may put himself in a position of peril."

In *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609-610 (58 SE 1060), Judge Powell said relative to a trespasser that ". . . liability arises only where the injury has been occasioned by the wilful and wanton negligence of the proprietor or owner. No duty of anticipating his presence is imposed; and . . . the duty to use ordinary care to avoid injuring him after his presence and danger is actually known is, in point of fact,

merely the duty not to injure him wantonly and wilfully . . . to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, and man-traps and things of that character."

The petition here does not specify the uninsulated wire as composing a pitfall or a mantrap or the like eo nomine. There is no assertion of wilful and wanton negligence which will authorize a recovery by an injured trespasser nor any facts alleged sufficient to demand the inference. There is no accusation that the defendants had knowledge of the actual presence of the child in the dangerous position. At most the petition merely charges constructive knowledge *to anticipate* the child's presence in the construction project which means nothing at all as the defendants had no duty to anticipate the presence of a trespasser. Thus the petition is totally deficient in every respect. *Leach v. Inman,* 63 Ga. App. 790, 793-794 (12 SE2d 103). Even if the petition alleged ordinary or simple negligence, it was subject to general demurrer; for this is a lesser degree of negligence than the law requires to enable a trespasser to recover. *Leach v. Inman,* supra.

The judgment of the trial court sustaining the defendants' general demurrers and dismissing the petition is affirmed.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*