43868. HERRING, by Next Friend v. HAUCK.

ARGUED SEPTEMBER 9, 1968—DECIDED NOVEMBER 8, 1968.

*Mitchell, McClelland & Jernigan, Freeman D. Mitchell,* for appellant.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr.,* for appellee.

PANNELL, Judge. The plaintiff sued by next friend seeking recovery for injuries he received when he dived into a backyard pool belonging to the defendant. Upon hearing had summary judgment was granted in favor of the defendant. The plaintiff appealed.

The pool involved here was a plastic pool with metal sides approximately twelve feet to fifteen feet in diameter and designed to hold water to a depth of approximately three feet. The plaintiff here climbed upon the roof or cover of a barbecue pit next to the pool by using a hook screwed into a wood post as a means to get on the roof, which could be barely touched by the plaintiff when standing on his tiptoes and could not be touched by him at all on the side of the roof next to the swimming pool. Plaintiff had used the pool on previous occasions without objection from the defendant and was familiar with the pool and the depth of the water. He was afraid he might get hurt by doing what he did, that is, diving into the pool from the roof of the barbecue pit. There was no proof that the pool was placed near the barbecue pit so that the roof could be used for the purpose of diving into the pool, nor was it shown that this was a customary use for the roof, the evidence disclosing only that one 17-year-old boy had so used it in the last year, but there was no showing that the defendant had any knowledge of this. The defendant was not present at the time the injury occurred. Whether or not the plaintiff, age 13, was of sufficient age to be guilty of negligence, and whether, if of such age, he

was guilty of such negligence as would bar his recovery, it is not necessary to decide for the reason that the evidence adduced on the motion for summary judgment shows without dispute that the defendant was guilty of no negligence.

In view of the position taken in the special concurrence by Presiding Judge Jordan that the mere use without charge of one's recreational facilities by a friend or neighbor places the owner within the ambit of the Act of March 31, 1965 (Ga. L. 1965, p. 476; *Code Ann.* §§ 105-403—105-409) so as to limit the liability of the owner as provided in that Act, we do not deem it improper to express our views thereon.

As we construe that section, one must permit the free use of his facilities or land by the public generally or by a particular class of *the public*, such as Little Leaguers, Boy Scouts, etc., and permitting free use by classes of *individuals* is not sufficient. We do not think this Act, adopted to promote the public use of land and facilities, was meant to apply to the friendly neighbor who permits his friends and neighbors to use his swimming pool without charge. The use here by the plaintiff and other neighbors did not make the Act applicable. Neither do we agree with the additional construction of the Act that the owner or occupier of premises coming within the terms of the Act has "substantially" the same duties toward a user of the premises as that owed to a licensee under *Code* § 105-402. Section 6 of the Act of 1965 provides that nothing in the Act limits in any way any liability which otherwise exists "for wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." Section 4 provides that "[e]xcept as specifically recognized by Section 6 of the Act" the Act does not thereby "confer upon such person [the person enjoying the free use of the premises] legal status as an invitee or a licensee to whom a duty of care is owed." Under the Act of 1965, the injured party coming within the provisions of the Act would be obligated to show a wilful and malicious failure to guard or warn, that is, a failure to use even slight care; whereas a licensee under *Code* § 105-402 may recover by showing a lack of ordinary care, which under the circumstances may amount to wilful and wanton negligence.

The owner's duty to a licensee was stated in *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060) as follows: "He must not wantonly and wilfully injure the licensee; and since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated. The fundamental concept in this class of cases, as in that of trespassers, is of a liability only for wilful or wanton injury; but it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done."

It appears, therefore, that under *Code* § 105-402, the owner is under the duty not to wilfully or wantonly injure the licensee. Under the Act here involved, the owner's liability for wilful and wanton acts is limited solely to the wilful and malicious failure to guard or warn against a dangerous condition, use, structure, or activity. Perhaps as to wilful and malicious acts described in the statute, the duty is substantially the same as that owed to a licensee under *Code* § 105-402, but to that extent only, as the owner, under that Code section has a broader duty which may involve acts other than failure to guard against or warn against the dangers stated under the Act of 1965.

*Judgment affirmed. Deen, J., concurs. Jordan, P. J., concurs specially.*

Jordan, Presiding Judge, concurring specially. In my opinion the Act of March 31, 1965 (Ga. L. 1965, p. 476; *Code Ann.* §§ 105-403 through 105-409) is controlling as to the defendant's duty to the plaintiff and the extent of his liability. This Act, the stated purpose of which is to encourage landowners to make premises available to the public for recreational purposes by limiting owner liability (§ 1; *Code Ann.* § 105-403) expressly includes swimming as a recreational purpose (§ 2 (c); *Code Ann.* § 105-404 (c)) and provides (§ 4; *Code Ann.* § 105-406) that an owner who directly or indirectly invites or permits without charge any person to use his property does not (a) extend any assurance that the premises are safe for any purpose, (b) confer

on that person the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for injury to property or person caused by an "act of [sic] omission" of the users. The Act also provides (§ 6 (a); *Code Ann.* § 105-408 (a)) that nothing therein shall limit any liability which otherwise exists for the *wilful* and *malicious* failure to guard or warn against a dangerous condition, use, structure, or activity. It provides further (§ 7 (b); *Code Ann.* § 105-409 (b)) that it shall not be construed as relieving the user from any duty of care in using the land and in his activities thereon, or the legal consequences of failure to use care.

Viewing the Act as a whole there appears to be no basis for restricting its application merely because the actual or implied invitation may appear to be limited to specific individuals or a class of individuals, e.g., neighborhood children or playmates of the owner's children, as distinguished from the public in general, for the Act is couched in terms of limited liability to the person or persons who are actually permitted on the premises, and there is not the stated condition that the property must be available to all members of the public.

Applying this Act to this case, the plaintiff's status could be no better than that of a licensee, for the 1965 Act supra, expressly limits the owner's liability to the *wilful* or *malicious* failure to guard or warn against a dangerous condition, use, structure, or activity, such being substantially the duty owed to a licensee under *Code* § 105-402.