45136. WASHINGTON et al. v. TREND MILLS, INC.

Jordan, Presiding Judge. This is a personal injury action by a mother, individually and as next friend of her child. The child, age 13 when injured, was attempting to retrieve a ball on the defendant's premises when his coat and right arm and hand became entangled in an open and unguarded conveyor belt in operation outside the defendant's factory. He and other children had come on the premises to play baseball on a vacant lot, but had never played there before. The ball, which another player had hit, and which he had failed to catch, came to rest "in the machine" which was located an unspecified distance away from the playing area. This appeal is from the grant of a summary judgment for the defendant. *Held:*

1. The child's undisputed testimony reveals that he was aware of the dangers of the machine, and that he was in no way lured to it by reason of its attractiveness to young children. This eliminates the attractive nuisance theory as a basis for recovery. *Southern Cotton Oil Co. v. Pierce,* 145 Ga. 130 (88 SE 672).

2. It is conceded in the brief that the child's status was no greater than that of a licensee, to whom the defendant was liable "only for wilful or wanton injury" under *Code* § 105-402. It is argued, however, that the defendant owed him nonetheless a duty to exercise some care to anticipate his presence, and that if his presence should have reasonably been anticipated, to exercise ordinary care to prevent injury to him.

The statutory standard is explained, preceding the present codification, in *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060) as follows: "He must not wantonly or wilfully injure the licensee; and since his presence as a result of the license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated. The fundamental concept in this class of cases, as in that of trespassers, is of a liability only for wilful or wanton injury; but it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being

done. See *Southern R. Co. v. Chatman,* 124 Ga. 1026 (53 SE 692, 6 LRA (NS) 283). To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, man-traps, and things of that character."

Earlier, in *Etheredge v. Central of Ga. R. Co.,* 122 Ga. 853 (50 SE 1003), the Supreme Court referred to the basic duty to one upon premises with permission, express or inferred, as the *duty to protect him against hidden dangers,* but also recognized further that the duty to a child of tender years unable to protect himself is possibly a greater duty than the duty owed to a person who could have protected himself.

If the statements in the above cases elevate a licensee to the status of an invitee under *Code* § 105-401 once his presence is known, or once he is reasonably expected to be within the range of an obviously dangerous operation, not *hidden dangers,* the distinction between a licensee and an invitee becomes meaningless. We do not think this result was intended by the *Mandeville* case, the *Etheredge* case, or in numerous others brought to our attention.

The codified standard "wilful or wanton" imports deliberate acts or omissions, or as defined in 1909 by the Supreme Court, that which discloses "an inference of *conscious indifference* to the consequences." *Southern R. Co. v. Davis,* 132 Ga. 812, 819 (65 SE 131). From a study of the record in the present case it is obvious that even though the defendant may have known, or should have anticipated the presence of the child on its premises, to use the vacant lot as a play area, or the passageway by the conveyor belt, which was frequently used by members of the community as if it were a public street, the circumstances eliminate any basis for "wilful or wanton" conduct in operating an unguarded conveyor belt outside the factory at some unspecified distance away from a vacant lot in which children were playing baseball, or in failing to anticipate that the child would approach the machine to retrieve a ball the dangers of which the child recognized. Even if the child were a licensee in using the vacant lot as a playing area, or, for that matter, the passageway in proximity to the conveyor belt operation, his presence as a licensee in these areas does not mean that the defendant consented to his presence in the area of ob-

vious danger where the conveyor belt was operating. In *Etheredge,* supra, the Supreme Court concluded that the child, age 5 or 6, in straying from a path which he had implied consent to use, was a trespasser, and in *Haley Motor Co. v. Boynton,* 40 Ga. App. 675 (150 SE 862), this court concluded, in a two-judge opinion, the defendant incurred no liability for injuries occasioned by the child's unauthorized operation of the elevator, even though left unguarded and accessible, with the current on, and without any special warning of the dangers incident thereto, even though the child, age 10, in coming on the premises, and in riding the elevator when operated by employees, in order to visit his father, was present by consent and may have occupied the status of a licensee instead of a trespasser.

3. Moreover, if we accept the premise that the defendant had at least impliedly consented to the use of its vacant lot by the public for recreational purposes, and this is precisely why the child was on the premises, the duty imposed on the defendant is the liability which otherwise exists for "wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." Ga. L. 1965, pp. 476, 477 (*Code Ann.* § 105-408 (a)). In this respect see *Bourn v. Herring,* 225 Ga. 67 (166 SE2d 89); *Herring v. R. L. Mathis Certified Dairy Co.,* 121 Ga. App. 373 (173 SE2d 716); *Southern R. Co. v. Davis,* 132 Ga. 812, supra.

4. The facts surrounding the occurrence are undisputed and the record as a whole eliminates any basis of recovery under any theory of law. Accordingly, the trial court did not err in granting summary judgment for the defendant.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED MARCH 3, 1970—DECIDED APRIL 7, 1970.

*Mitchell & Mitchell, Coy H. Temples,* for appellants.
*Neely, Freeman & Hawkins, J. Bruce Welch,* for appellee.