### 46923. LAITE v. BAXTER.

EBERHARDT, Presiding Judge. William E. Laite, III, age 12 years, 11 months and 16 days, slipped and fell on rocks below the dam at High Falls State Park about 4 p.m. on Saturday, November 4, 1967, and died from the injuries. His parents had gone from their home in Macon the day before to Atlanta for an overnight stay, leaving Bill and their other children in the custody of the family maid. On Saturday while visiting in the home of a friend, Edgar F. Baxter, Jr., within a few days of the same age, Bill accepted an invitation from the Baxters to go on a fishing trip to High Falls, and left Macon with them for that purpose, with the knowledge and consent of the family maid (who, as Mrs. Laite testified, was in control of the children and had authority to allow Bill to make the trip), it being understood that he would return that afternoon or evening. About 5 p.m., before returning to Macon the Laites telephoned the maid and learned that Bill had gone with the Baxters to High Falls. The father stated in his deposition that he considered his son to have been "in good hands."

The tragedy occurred just as the Baxters were planning to leave High Falls. Having been unsuccessful in fishing above the dam, Edgar and Bill received permission from Edgar's father to fish in the rapids below the dam. Mrs. Baxter testified that as the boys left her husband admonished them to "be careful." Though Mr. Baxter did not recall it, he asserted "I always tell my boy to be careful,

but we understood that." They placed the car where they could sit and watch the boys as they fished, and did. While Edgar's father and mother were waiting in their automobile Edgar came running and told them that on the way back to the car Bill had slipped and fallen while trying to throw a piece of wood into the water, and had disappeared. Mr. Baxter immediately responded, instituted a search for Bill and found his body in the water. It appears that he died from injuries received from the fall and not from drowning.

He was a good swimmer and diver and a normal child for his age. He was active in school sports, being a member of the football team. He was a "nice sized boy," larger than his friend Edgar (son of the defendant), and had been active in the Boy Scouts, progressing from Tenderfoot to Third Class, to Second Class to First Class, and was a Patrol Leader at the time of his death. He had been off on overnight hiking trips, including a Scout camping trip to High Falls a week before this occassion and was then in close proximity to the point where subsequently he fell. He had been cautioned by the scoutmaster about the hazard of the falls, was impressed and recognized it. He had taken a life saving course at the YMCA. He was a very bright boy, doing excellent work in school with grades of A or B.

Mrs. Laite brought a wrongful death action against Edgar F. Baxter, Sr., and appeals the grant of a summary judgment for the defendant. *Held:*

1. "The summary judgment statute provides that if the pleadings, depositions, and admissions on file, together with the affidavit, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, such judgment should be rendered forthwith, but that nothing in the statute shall be construed as denying any party the right to a trial by jury if there are any substantial issues of fact to be determined. *Code Ann.* § 110-1203 [now *Code Ann.* § 81A-156 (c)]. A primary purpose of this pro-

cedure is to allow a party to pierce the allegations of the pleadings, show the truth to the court, and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193). It logically follows that if defendant, as movant for summary judgment, produces evidence conclusively establishing a fact or facts which negate one or more essential elements of plaintiff's acton, it is useless to present the case to a jury, and the movant is entitled to a summary judgmemt as a matter of law. See *Allen v. Safeco Ins. Co.,* 108 Ga. App. 278, 279 (132 SE2d 859)." *Calhoun v. Eaves,* 114 Ga. App. 756, 758 (152 SE2d 805). And see *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 302 (138 SE2d 580).

2. Appellee urges that the cases of *Bourn v. Herring,* 225 Ga. 67 (166 SE2d 89) and its sequel, *Herring v. R. L. Mathis Certified Dairy Co.,* 121 Ga. App. 373 (173 SE2d 716), are controlling here. Appellant contends that they are not, since the boy who drowned in those cases was 14 years old, while young Laite was slightly under 13 years old, and that principles applicable to youths under the age of 14 are different from those applying to those who are 14 years old and over.

Pretermitting the matter of whether those cases control, or whether they are even applicable here, we nevertheless find that principles of law which apply regardless of the age of the child involved require an affirmance of this case.

What was the greatest degree of care owed by the Baxters to young Laite? "When a person undertakes to control and watch over a young child, even without compensation, he becomes responsible for injury to the child through his negligence, and his duty to use reasonable care to protect the child is not measured by what his duty would have been to a social guest or licensee. However, the measure of duty of a person undertaking control and supervision of a child to exercise reasonable care for the safety of the child is to be gauged by the stan-

dard of the average responsible parent; such person is not an insurer of the safety of the child and has no duty to foresee and guard against every possible hazard." 65 CJS 781, Negligence, § 63 (60). "The measure of precaution which must be taken by one having a child in his care, who stands in no relation to the child except that he has undertaken to care for it, is that care which a prudent person would exercise under like circumstances." 57 AmJur2d 436, Negligence, § 88. "As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury. Such person is not an insurer of the safety of the child. He is required only to use reasonable care commensurate with the reasonably foreseeable risk of harm." Whitney v. Southern Farm Bureau Cas. Ins. Co., 225 S. 2d 30, 33 (La. App.).

Certainly it was not expected of the Baxters that young Laite be "tied to their apron strings." Cf. *Savannah Elec. Co. v. Dixon,* 18 Ga. App. 314 (5) (89 SE 373).

How is the measure of care affected by the age, experience, and traits of the child? "Children of tender years and youthful persons generally are entitled to care proportioned to their inability to foresee and avoid the perils that they may encounter [*Lee v. Ga. Forest Products Co.,* 44 Ga. App. 850 (163 SE 267)], as well as to the superior knowledge of persons who come into contact with them." 57 AmJur2d 436, Negligence, § 89. In cases of this nature the age, experience, and capacity of the child become controlling, not only on the matter of the child's responsibilities to himself, but also as they bear on the responsibility of the person who has him in custody. As the age and capacity of the child increases, the responsibility for his own safety also increase, with the necessary result that the responsibilities of his custodian decrease proportionately. And, finally, the situation may reach a point at which nonliability is determinable as a matter of law, as in Whitney v. Southern Farm Bureau

Cas. Ins. Co., 225 S. 2d 30, 33, supra, where under all the circumstances of the recreational outing, summary judgment was upheld as to a custodian who left unattended in the water for 20 minutes a 12-year-old nonswimmer guest in company with the custodian's own children, aged 13, 12 and 10, the latter of whom was also a nonswimmer.

If, then, the duty of reasonable care applicable to a custodian is to be gauged by the standard of the ordinarily prudent person or the average reasonable parent; if the custodian is not an insurer of the safety of the child, and has no duty to foresee and guard against every possible hazard but is required only to use reasonable care commensurate with the reasonably foreseeable risks of harm, which in turn is dependent upon the custodian's knowledge of perils vis a vis the youth's ability, governed by his age, experience, and capacity to appreciate and avoid the peril—how stands the present case? The most that can be said in support of any alleged negligence on the part of defendant custodian is that he allowed decedent, in company with his own son of the same age, to fish below the dam without specifically cautioning him as to the perils of that area. It is true that Mr. Baxter does not recall specifically giving the boys a warning or admonition to "be careful" when they went off to fish, while Mrs. Baxter does so recall, but we do not regard this as indicating a breach of duty by Mr. Baxter. It is uncontradicted that young Laite was familiar with the premises. He had camped on them the week before with the Scouts, and was then admonished of its dangers by the scoutmaster. His father says that young Laite was impressed and recognized the hazards.

In *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 757 (92 SE2d 720) we cited and quoted approvingly from McHugh v. Reading Co., 346 Pa. 266 (30 A2d 122, 145 ALR 319) where the injured child was six years old, holding: "No danger is more commonly realized or risk appreciated, even by children, than that of falling; con-

sciousness of the force of gravity results almost from animal instinct. Certainly a normal child nearly seven years of age—indeed any child old enough to be allowed at large—knows that if it steps or slips from a tree, a fence, or other elevated structure, it will fall to the ground and be hurt."

The dangers of High Falls were obvious, even to children, and the duty to warn extends only to latent dangers—not those which are open and obvious. *Y. M. C. A. v. Bailey,* 112 Ga. App. 684, 698 (146 SE2d 324). "The danger of drowning in a swimming pool or other pond or lake, . . . is an apparent, open danger, the knowledge of which is common to all, including a boy nine years of age . . . Perils of deep water are instinctively known, and if it be insisted that this boy, nine years of age, did not possess such ordinary discretion as fairly to appreciate his danger, then it may be urged with propriety that he should not have been allowed to go into the vicinity of a body of water." *McCall v. McCallie,* 48 Ga. App. 99 (3, 5) (171 SE 843). The danger of slipping and falling on a slippery rock in or near a stream is also an open and obvious danger, the knowledge of which is common to all—even children. It is uncontradicted that young Laite did possess such discretion as to enable him to appreciate the dangers.

For other cases dealing with children of varying ages under fourteen in which this principle is recognized, see *Scott v. State Mut. Life Ins. Co.,* 24 Ga. App. 232 (100 SE 639); *Mobley v. City of Monroe,* 37 Ga. App. 364 (140 SE 516); *Golf Club Co. v. Rothstein,* 97 Ga. App. 128 (102 SE2d 654); *Butler v. Brogdon,* 110 Ga. App. 352 (138 SE2d 604); *Handiboe v. McCarthy,* 114 Ga. App. 541 (151 SE2d 905); *Herring v. Hauck,* 118 Ga. App. 623 (165 SE2d 198); *Washington v. Trend Mills, Inc.,* 121 Ga. App. 659 (175 SE2d 111). See also *Bridges v. Ga. Power Co.,* 39 Ga. App. 400 (147 SE 589); *Day v. Trion Co.,* 56 Ga. App. 1 (192 SE 88); *Indian Springs Swimming Pool Corp. v. Maddox,* 70 Ga. App. 842 (29 SE2d 724); *Crosby v.*

*Savannah Elec. &c. Co.,* 114 Ga. App. 193 (150 SE2d 563).

Where no actionable negligence by the defendant appears, "regardless of the age or capacity of the injured person, if there is no breach of any legal duty on the part of the defendant toward such person, there can be no legal liability." *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 754, supra; *Herring v. Hauck,* 118 Ga. App. 623, supra. The evidence submitted proves no more than that young Laite inadvertently stepped on a slippery rock when he was in the act of throwing a stick into the stream, fell and was injured. This appears to have been nothing more than an accident, for which no one can be held. *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47, 50 (183 SE2d 7). Since it is our view that defendant custodian breached no duty he owed young Laite, summary judgment was properly granted. Cf. *Savannah, Fla. &c. R. Co. v. Beavers,* 113 Ga. 398, 413 (39 SE 82, 54 LRA 314).

Even assuming, however, that defendant should have specifically cautioned the youth as to the perils of the falls area, and did not do so, it is beyond dispute that failure in this regard was not the proximate cause of the death. It is uncontradicted that young Laite, having camped there only the week before was familiar with the premises, had been cautioned about the hazards of the falls, was impressed with the cautions and recognized the hazards. In view of the age, experience, and mental and physical capacity of the youth as revealed by this record, we must hold that any failure on defendant's part again to warn the youth could not be considered as the proximate cause of his death. For this reason, too, summary judgment was properly granted defendant.

A contrary decision on the evidence here would be tantamount to holding that the custodian is an insurer of the safety of the child, which he is not. *Wittke v. Horne's Enterprises,* 118 Ga. App. 211, 219 (162 SE2d 898).

*Judgment affirmed. Bell, C. J., Hall, P. J., Clark and Stolz, JJ., concur. Pannell, Deen, Quillian and Evans, JJ., dissent.*

Argued February 7, 1972—Decided June 22, 1972—Rehearing denied July 21, 1972—

*Adams, O'Neal & Hemingway, H. T. O'Neal, Jr.,* for appellant.

*Martin, Snow, Grant & Napier, George C. Grant,* for appellee.

Deen, Judge, dissenting. I would concur in the judgment of the majority if this case represented an appeal from a jury verdict, but I am constrained to disagree with the result reached on motion for summary judgment, applying the test (*Arrington v. Trammell,* 83 Ga. App. 107 (62 SE2d 451)) that where reasonable minds may disagree on the quantum of negligence the issue is for the determination of the jury, not the court. My objections here are twofold:

1. We may not assume, as the majority opinion does, that the children "received permission from Edgar's father to fish below the dam, with the admonition to be careful." Edgar's father, the defendant, testified by deposition that he did not "give them any words of caution about the falls or getting near them" although he had been to the place previously and knew its topography. He further stated that while he always told his *son* to be careful, he recalled giving no instructions on that day. The question of warning is therefore, at most, the subject of contradictory evidence which cannot be decided at this time.

2. The majority opinion assumes that this appeal is substantially analogous to and therefore controlled by *Bourn v. Herring,* 225 Ga. 67 (166 SE2d 89). Close reading of that case insofar as it deals with the negligence of the immediate custodians of the decedent is grounded absolutely on the legal presumption that a minor child over 14 years of age, where no lack of intelligence or capacity is shown, is

chargeable with diligence for his own safety against a palpable and manifest peril. The peril in that case dealt with the danger of attempting to get from a raft in the middle of a lake back to the shore where the child does not know how to swim. The presumption of at least quasi-maturity at age 14 was indulged as to a peril so obvious that even a child should have recognized it.

We have no such presumption in this case in dealing with a child who has not yet reached his 13th birthday. "It may be that a person who has attained the age of fourteen years is presumptively charged with the same degree of care for his safety as an adult (*Muscogee Mfg. Co. v. Butts,* 21 Ga. App. 558 (94 SE 821)); but we can not say that this presumption should be applied to the decedent [12-year-old child] merely because the petition alleged in effect that he was an intelligent and unusually well-developed child." *Ragan v. Goddard,* 43 Ga. App. 599, 602 (159 SE 743). "There is no presumption of law that a child between the ages of seven and fourteen did or did not exercise due care, or does or does not have sufficient capacity to recognize danger or to observe due care." *Brewer v. Gittings,* 102 Ga. App. 367 (4) (116 SE2d 500).

When the *Herring* case was returned to this court after reversal it was held (*Herring v. R. L. Mathis Certified Dairy Co.,* 121 Ga. App. 373 (4) (173 SE2d 716): "Under the ruling of the Supreme Court, plaintiff has no claim upon which relief can be granted in this case unless it were made to appear, (a) that plaintiff's son was a child of less than ordinary intelligence and understanding for his age [over 14 years] at the time, or (b) that . . . the church's Sunday school superintendent was guilty of wilful misconduct which proximately caused the decedent's drowning." The superintendent in *Herring,* like the defendant here, was a temporary custodian of the decedent for recreational purposes. This court properly construed the Supreme Court opinion in the disjunctive: that is, for the parent to recover under the theory of ordinary negligence it must be shown that the child was either under the age of fourteen or had

some mental or physical incapacity, since otherwise he would be responsible for his own actions under these circumstances, *or* if he was so responsible, then wilful negligence would have to be proved. But a child of twelve is *not* to be presumed responsible in this sense, so the question of whether the negligence, if it existed, was wilful does not arise.

Regrettable as this occasion was, in my mind it remains for the jury and the jury alone to decide whether it is negligence to allow a 12-year-old boy to go off with another child, at least without particularly cautioning him at the time, to an area known to be unfenced, unwatched, precipitous, rocky and overlooking swiftly moving water. It is common knowledge that children have an almost universal attraction for the edges of high places. They have an almost irresistable urge to throw stones and rocks into falls and ravines. And rocks overlooking such areas are more often than not treacherously wet and slick, a fact that children raised in cities too often forget.

Nor do I see any estoppel to insist on this alleged negligence. The fact was that the parents did not give permission to the child or the defendant to go on this trip. The fact that when they learned of it *after he had left* and made no protest is irrelevant. The fact that the maid, an employee with whom he had been left, allowed him to go is of no consequence so far as the plaintiff is concerned. The issue simply is, construing all these facts in favor of the plaintiff against the motion for summary judgment, whether a jury should pass on the question of whether the defendant exercised that degree of care toward the decedent, either in letting him go below the falls alone with another child or in failing to give cautionary instructions, which an ordinarily prudent person would exercise toward a 12 or 13-year-old child. I think reasonable minds might disagree on this subject, and that it was therefore error to grant the motion for summary judgment.

I am authorized to state that Judges Pannell, Quillian and Evans concur in this dissent.