A03A2130. LEE et al. v. DEPARTMENT OF NATURAL RESOURCES.
(588 SE2d 260)

ELDRIDGE, Judge.

Appellant/plaintiff Marion O'Neill Lee, Sr., individually and as the administrator of the estate of Geraldine Lee, deceased,[1] brought the instant renewal action, as amended, against appellee/defendant the Department of Natural Resources of the State of Georgia and the State of Georgia (collectively "Department") to recover for injuries Mrs. Lee sustained when she tripped and fell over wood timbers and debris in the vicinity of the restroom area on Ossabaw Island and to recover for his lost consortium. He appeals the grant of the Department's motion for summary judgment, contending that the Superior Court of Chatham County erred in concluding as a matter of law that his claim is barred by the Recreational Property Act, OCGA § 51-3-20 et seq. ("RPA" or the "Act"). Appellant argues that the limitation of liability under the Act does not lie because: the $29 fees he and his wife paid for valid wildlife management area licenses to hunt on Ossabaw Island constituted a charge for the recreational use of the island in violation of the Act; Ossabaw Island was not open to the public because, in addition to requiring valid hunting and wildlife management area licenses, the Department limited admission to the island to those it selected by lottery; and the evidence showed that the "[Department] acted willfully and with malice by failing to warn or correct the known danger which they created and knew was likely to cause serious injury to the guests who come to the Island with their permission." Further, the appellant claims that the superior court erred in denying his motion to continue its ruling on summary judgment for 90 days to permit more discovery. The foregoing claims as without merit, we affirm.

While camping and hunting on Ossabaw Island, Mrs. Lee tripped and fell over a debris pile consisting of railroad crossties, large timbers, and other wood scraps near the public restroom on Ossabaw Island, dislocating her elbow. The fall occurred between 8:00 and 8:30 p.m. on January 8, 1999, as she was returning from the restroom. Mrs. Lee was not using her flashlight as she did so because

---

[1] The record shows that Mrs. Lee died of causes unrelated to the subject matter of this action.

its batteries had burned out on the way there. The appellants' original complaint averred ordinary negligence in the State for its failure to warn and maintain adequate lighting in the restroom area. The appellants later amended the original complaint to allege that the State "[was] guilty of failing to use even slight care and of willfully and maliciously failing to guard or warn against a dangerous condition, use, structure or activity." *Held*:

1. It is undisputed that access to Ossabaw Island for recreational purposes is free to members of the general public, as are permits to hunt on the island, subject to having valid hunting and wildlife management area licenses. The RPA was enacted to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes." OCGA § 51-3-20. Hunting is among the many recreational purposes recognized by the Act. OCGA § 51-3-21 (4). The Act relieves landowners "who either directly or indirectly invite[ ] or permit[ ] without charge any person to use the property for recreational purposes," OCGA § 51-3-23, from any liability for personal injuries resulting from unsafe or defective conditions existing on the premises. Id. In the event the owner assesses a charge for the recreational use of the land, no limitation from liability under the Act obtains. OCGA § 51-3-25 (2); *Majeske v. Jekyll Island State Park Auth.*, 209 Ga. App. 118, 119 (1) (433 SE2d 304) (1993); *Stone Mountain Mem. Assn. v. Herrington*, 225 Ga. 746, 747 (1) (171 SE2d 521) (1969).

Appellant attempts to cast the fees he and his wife paid for their wildlife management area licenses as a charge for access to the island in violation of the Act, vitiating any limitation on liability thereunder. However, it is apparent that the fees paid for the wildlife management area licenses in issue were paid for such licenses pursuant to OCGA §§ 27-1-33 and 27-2-23 (1), not for entry upon Ossabaw Island for a recreational purpose. It is a charge for the latter which violates the Act. " 'Charge' [under the Act] means the admission price or fee asked in return for invitation or permission to enter or go upon the land." OCGA § 51-3-21 (1); *Hogue v. Stone Mountain Mem. Assn.*, 183 Ga. App. 378, 380 (1) (358 SE2d 852) (1987); *Quick v. Stone Mountain Mem. Assn.*, 204 Ga. App. 598-599 (420 SE2d 36) (1992). Clearly, the complained-of licensure fees do not in any sense constitute a fee for admission violative of the Act, and summary judgment for the Department on this account was not improper.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant

judgment as a matter of law. OCGA § 9-11-56 (c). A *defend-ant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [the] plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of the plaintiff's claim, that claim tumbles like a house of cards.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Further, the appellant contends that Ossabaw Island is not open to the public within the meaning of the Act because the Department conditioned admission to the island upon selection by lottery in addition to requiring valid hunting and wildlife management licensure. "[O]ne must permit the free use of his facilities or land by the public generally or by a particular class of *the public*, such as Little Leaguers, Boy Scouts, etc., and permitting free use by classes of *individuals* is not sufficient." (Emphasis in original.) *Herring v. Hauck*, 118 Ga. App. 623, 624 (165 SE2d 198) (1968). Entry upon Ossabaw Island as open to the general public and free is undisputed. Division 1, supra. Relief from liability under the Act is not made less so for the use of a procedure randomly selecting members of the general public for free entry upon the island to avoid selection by class of individuals, real or perceived. Further, we have held that the requirement for valid hunting and wildlife management area licensure has no bearing on the question of whether facilities or land is free for the general public's use under the Act. Division 1, supra. Even were the contrary true, the statutory requirement for hunting and wildlife management area licensure as applicable to all wishing to hunt in any Georgia wildlife management area is by definition a requirement applicable to the general public. Consequently, summary judgment for the Department was not improper on the claim that its lottery procedure denied the general public admission to Ossabaw Island. *Lau's Corp. v. Haskins*, supra.

3. Neither does the evidence, construed most favorably for the appellant, as a matter of law require the conclusion that the Department wilfully and maliciously failed to warn of the condition and dangerousness of the wood pile in the area of its Ossabaw Island restrooms. Liability under the Act is allowed "[f]or willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity[,]" OCGA § 51-3-25 (1), i.e., "a failure to use even slight care." *Herring v. Hauck*, supra. A four-part test controls, that is,

[a] wilful failure to guard or warn would require actual knowledge of the owner that [the] property is being used for

recreational purposes; that a condition exists involving an unreasonable risk of death or serious bodily harm; that the condition is not apparent to those using the property; and that having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences. This test excludes either constructive knowledge or a duty to inspect.

(Citation and punctuation omitted.) *Edmondson v. Brooks County Bd. of Ed.*, 205 Ga. App. 662, 663 (423 SE2d 413) (1992).

That the first of the four prongs has been satisfied is uncontroverted. The appellant relies on the evidence as establishing satisfaction of the remaining prongs, that is, that the Department actually knew that the wood pile constituted an unreasonable risk of death or serious bodily harm; that the wood pile was not a condition apparent to others; and that knowing the foregoing, the Department chose not to guard or warn the public of the hazard notwithstanding the risk.

By its answer, the Department admitted having "regularly stored timbers beside the bathroom facilities." However, even assuming arguendo that the Department "knew" that the wood pile posed an unreasonable risk of death or serious bodily harm, appellant has come forward with no evidence showing why the Department should have expected that users of the restroom area would not have discovered such condition in the "pitch black" which, by his affidavit, the appellant attributed to the evening in issue. Appellant's evidence showing that Mrs. Lee used a flashlight on the way to the restroom area, albeit one which ultimately failed, supports the proposition that the wood pile, not unlike other potential obstacles typical of a primitive campsite, was reasonably discoverable in the dark through the exercise of ordinary care. There is no evidence as to why the Department should have had any expectation to the contrary.

Limited to wilful and malicious acts, the Department's liability is similar to that the possessor of land owes a licensee under OCGA § 51-3-2. *Herring v. Hauck*, supra at 625. Pertinently, a condition which is not apparent to the users of property is one which the land possessor should *not* expect them to discover in the dark. *London Iron &c. Co. v. Abney*, 245 Ga. 759, 761 (2) (267 SE2d 214) (1980); *Patterson v. Thomas*, 118 Ga. App. 326, 328 (163 SE2d 331) (1968). In light of the foregoing and notwithstanding Mrs. Lee's most unfortunate fall, the Department's failure to maintain adequate lighting in the restroom area here was immaterial. Wilful and malicious failure to warn or guard against a dangerous condition, as a matter of law not established under the Act, summary judgment for the Department was not error on this basis. *Lau's Corp. v. Haskins*, supra.

4. Finally, there was no error for the superior court's denial of appellant's motion to continue its ruling on summary judgment to permit him more discovery.

> Should it appear from the affidavits of a party opposing [a motion for summary judgment] that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just.

OCGA § 9-11-56 (f).

Finding this case to be a renewal action, the original action having been active for a year and a half, the superior court found that the appellant as "plaintiff [had] not shown the diligence necessary to take advantage of [OCGA] § 9-11-56 (f)." The record in this action also reflects that plaintiff made no effort to initiate discovery until immediately before the superior court's hearing on motion for summary judgment, this nearly four months after filing the renewal action. "The grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with [on appeal]. This applies in summary judgment proceedings." (Citation omitted.) *Calcutta Apts. Assoc. v. Linden & Deutsch*, 131 Ga. App. 743, 744 (1) (206 SE2d 559) (1974); *Shmunes v. Gen. Motors Corp.*, 146 Ga. App. 486 (1) (246 SE2d 486) (1978). No abuse of discretion appears here. Accordingly, the superior court did not err in denying the motion for continuance.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 18, 2003 —
RECONSIDERATION DENIED OCTOBER 2, 2003 — 

*Phillips & Kitchings, Richard Phillips*, for appellants.
*Thurbert E. Baker, Attorney General, Thomas C. MacDiarmid, Bryan F. Dorsey*, for appellee.